# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

| | |
|---|---|
| **JAMES ROY ARTHUR,** | ) |
| | ) |
| **Movant,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:21-00071 |
| | ) (Criminal No. 3:16-00035) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document Nos. 81.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 82.)

## FACTUAL AND PROCEDURAL BACKGROUND

**1.    Criminal Action No. 3:16-00035:**

On February 17, 2016, Movant was charged in a single count Indictment for Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250. (Criminal Action No. 3:16-00035, Document No. 13.) Assistant Federal Public Defender Ann Mason Rigby was appointed to represent Movant. (Id., Document Nos. 5 and 7.) On May 31, 2016, Movant pled guilty to the single count Indictment. (Id., Document Nos. 31 and 34.) A Presentence Investigation Report was

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

prepared. (Id., Document No. 40.) The District Court determined that Movant had a Base Offense Level of 16, and a Total Offense Level of 13, the Court having applied a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b).[2] (Id., Document Nos. 39 and 40.) The District Court sentenced Movant on August 29, 2016, to serve a 41-month term of imprisonment, to be followed by a 10 year term of supervised release. (Id., Document Nos. 37 and 38.) The District Court also imposed a $100 special assessment. (Id.)

On January 11, 2019, Movant began serving his 10 year term of supervised release. (Id., Document No. 42.) On February 15, 2019, United States Probation Officer ("USPO") Douglas W. Smith filed a "Petition for Warrant or Summons for Offender Under Supervision" alleging that Movant had violated certain conditions of his supervised release. (Id.) The District Court granted the Petition and issued a warrant for Movant's arrest. (Id., Document Nos. 42 and 43.) Movant was arrested in the Eastern District of Kentucky on July 29, 2019. An Initial Appearance was conducted in the Eastern District of Kentucky on July 30, 2019, Movant was appointed counsel, and Movant signed a Waiver of Rule 5 and 5.1 Hearing. (Id., Document No. 44.) Movant was returned to this District, where Attorney Sebastian Joy was appointed as counsel. (Id., Document No. 45.) On August 5, 2019, Movant executed a Waiver of Preliminary Hearing and Waiver Right to a Detention Hearing. (Id., Document Nos. 48 and 49.) On August 15, 2019, USPO Smith filed an Amendment to the Petition. (Id., Document No. 51.) On September 9, 2019, the District Court conducted a Revocation Hearing. (Id., Document Nos. 55 and 56.) Based upon information contained in the Petition and Amendment to the Petition, evidence presented at the Revocation Hearing, and Movant's own admission, the District Court found by a preponderance of the

---

[2] The District Court sentenced Movant within the advisory Guideline range. (Criminal Action No. 3:16-00035, Document Nos. 38 and 39.) Movant's advisory Guideline range was 33 to 41 months imprisonment. (*Id.*)

2

evidence that Movant violated certain conditions of his supervised release. (Id., Document No. 55.) The District Court, therefore, revoked Movant's term of supervised release and imposed a 6-month term of incarceration to be followed by a 72-month term of supervised release. (Id.)

On November 20, 2019, Movant began serving his 72-month term of supervised release. (Id., Document No. 58.) On March 9, 2020, USPO Smith filed a "Request for Modifying the Conditions or Terms of Supervision" requesting in pertinent part as follows:

> [Movant] shall reside at Dismas Charities in St. Albans, West Virginia, for a period of 180 days as a condition of supervised release. Should [Movant] obtain appropriate housing, [Movant] may be released from Dismas Charities, prior to completion of the 180 days, as approved by the probation officer. [Movant] shall observe all the rules and regulations of the facility.

(Id.) On March 9, 2020, the District Court ordered the modification of the conditions as stated above. (Id.) On April 3, 2020, USPO Smith filed a Noncompliance Summary noting that Movant failed to report to Dismas Charities. (Document No. 59.) On May 18, 2020, USPO Smith filed a "Petition for Warrant or Summons for Offender Under Supervision" alleging that Movant had violated certain conditions of his supervised release. (Id., Document No. 60.) The District Court granted the Petition and issued a warrant for Movant's arrest. (Id., Document Nos. 60 and 61.) Movant was arrested on June 3, 2020. (Id., Document No. 64.) An Initial Appearance was conducted on June 4, 2020, and Attorney Joy was again appointed as counsel. (Id., Document No. 66 and 67.) On June 4, 2020, Movant also executed a Waiver of Right to a Detention Hearing. (Id., Document No. 65.) On June 8, 2020, USPO Smith filed an Amendment to the Petition. (Id., Document No. 68.) Movant's Preliminary Hearing was conducted on June 9, 2020. (Id., Document No. 70.) On June 29, 2020, the District Court conducted a Revocation Hearing. (Id., Document Nos. 76 and 77.) Based upon information contained in the Petition and Amendment to the Petition, evidence presented at the Revocation Hearing, and Movant's "own admission to violations two

and three, and his no contest of violation four," the District Court found by a preponderance of the evidence that Movant violated conditions of his supervised release. (Id., Document No. 77.) The District Court, therefore, revoked Movant's term of supervised release and imposed a 24-month term of incarceration to be followed by a 30-month term of supervised release. (Id.)

**B.     Section 2255 Motion:**

On January 28, 2021, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 3:21-00071, Document No. 81.) As his sole ground for *habeas* relief, Movant alleges he was provided ineffective assistance of counsel concerning his revocation hearing. (Id.) Citing United States v. Haymond, ___ U.S. ___, 204 L.Ed.2d 897, 204 L.Ed.2d 897 (2019), Movant argues that Attorney Joy was ineffective in his failure to request a jury trial concerning Movant's revocation hearing. (Id.) As relief, Movant requests that his sentence for violating the terms and conditions of his supervised release be vacated. (Id.)

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by

law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant

must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

In his Motion, Movant alleges he was provided ineffective assistance of counsel concerning his revocation hearing. (Civil Action No. 3:21-00071, Document No. 81.) Citing United States v. Haymond, ___ U.S. ___, 204 L.Ed.2d 897, 204 L.Ed.2d 897 (2019), Movant argues that Attorney Joy was ineffective in his failure to request a jury trial concerning Movant's revocation hearing. (Id.) Movant complains that Attorney Joy "ill-advised" him to "plead guilty to the positive drug tests and failure to report to Dismas federal halfway house allegations." (Id., p. 2.) Plaintiff explains that Attorney Joy "performed objectively unreasonably by failing to invoke [Movant's] Sixth Amendment right to an impartial jury as interpreted by Haymond, supra, along with the Due

Process Clause of the Fifth Amendment as the accusations supporting revocation were formal and those accusations requested imprisonment or a loss of liberty as punishment." (Id.) Movant contends that it is unconstitutional "for a judge to impose imprisonment without a requisite jury trial for supervised release violations." (Id.) Movant argues that if the beyond a reasonable doubt standard would have been applied, Movant could have "put on a defense proving that the halfway house refused to admit [him] into the facility because of its COVID-19, and that [his] resulting homelessness contributed substantially to his positive drug tests." (Id., p. 3.) Movant, therefore, concludes that he was prejudiced by Attorney Joy's failure to request a jury trial. (Id.)

In Haymond, the United States Supreme Court held that 18 U.S.C. § 3583(k) violates the Fifth and Sixth Amendments because it increases the mandatory minimum based on a finding of guilty by the court without a jury finding in violation of Alleyne v. United States, 570 U.S. 99, 103, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). Haymond, ___ U.S. at ___, 139 S.Ct. at 2373(plurality opinion). The Supreme Court, however, restricted its analysis to Section 3583(k). Id., ___ U.S. at ___, 2369 S.Ct. at 2383("As we have emphasized, our decision is limited to § 3583(k) – an unusual provision enacted little more than a decade ago – and the *Alleyne* problem raised by its 5-year mandatory minimum term of imprisonment.") Section 3583(k) provides as follows:

> if a judge finds by a preponderance of the evidence that a defendant on supervised release committed one of several enumerated offenses, including the possession of child pornography, the judge *must* impose an additional prison term of at least five years and up to life without regard to the length of the prison term authorized for the defendant's initial crime of conviction.

Id., ___ U.S. at ___, 139 S.Ct. at 2374. Section 3583(k) relates to sex offenders that violate the terms of supervised release by committing a new sex offense. In Haymond, Justice Breyer reasoned in the controlling concurrence that Section 3583(k) "is unconstitutional because the five-

7

year mandatory minimum for enumerated violations resembles criminal punishment for a new offense without any trial rights, rather than a sanction for breach of the court's trust." United v. Coston, 964 F.3d 289, 295 (4th Cir. 2020)(citing Haymond, ___ U.S. at ___, 139 S.Ct. at 2386); also see United States v. Reavely, 820 Fed.Appx. 211, 214 (4th Cir. 2020)(citing Haymond, ___ U.S. at ___, 139 S.Ct. at 2386)("Revocation sentences are "first and foremost considered sanctions for the defendant's 'breach of trust'—his 'failure to follow the court-imposed conditions' that followed his initial conviction—not 'for the particular conduct triggering the revocation as if that conduct were being sentenced as new federal criminal conduct.'") As stated above, Haymond restricted its analysis to Section 3583(k). Haymond, ___ U.S. at ___, 139 S.Ct. at 2385-86(Breyer, J., concurring)("I would not transplant the *Apprendi* line of cases to the supervised release context . . . Nevertheless, I agree with the plurality that this specific provision of the supervised-release statute § 3583(k), is unconstitutional."); Coston, 964 F.3d at 295(finding that "Justice Breyer's concurrence presented the narrowest grounds for the Court's holding and therefore controls."); United States v. Ka, 982 F.3d 219, 222-23 (4th Cir. 2020)("Notably, however, § 3583(e) 'does not contain any of the three features that, in combination, render[ed] § 3583(k) unconstitutional.")(citation omitted). In Coston, the Fourth Circuit considered but rejected to find that *Haymond* applies to Section 3583(g). Coston, 964 F.3d at 295-96. When considering the three aspects of Section 3583(k) that Justice Breyer identified as appearing to punish a crime rather than a sanction for breach of trust, the Fourth Circuit determined that Section 3583(g) "is an imperfect fit." Id. at 296. The Fourth Circuit concluded that "given that no majority of the Supreme Court endorsed the application of Alleyne in the supervised release context, we remain bound by this Court's prior decision [in United States v. Ward, 770 F.3d 1090, 1099 (4th Cir. 2014)] that it does not." Id.; also see Mooney, 776 Fed.Appx. at 171("*Ward* remains good law" post-*Haymond*). In

8

Ward, the Fourth Circuit refused to extend the holding of Apprendi and Alleyne to require a trial by jury under the standard of beyond a reasonable doubt in a supervised release revocation hearing. Ward, 770 F.3d at 1099(finding that defendant's "Sixth Amendment rights were not violated when the court, rather than a jury, determined that [defendant] possessed a controlled substance in violation of his supervised release conditions.")

The undersigned finds that Movant's claim that Attorney Joy was ineffective in failing to request a jury trial concerning Movant's revocation hearing, is without merit. Although Section 3583(k) was determined to be unconstitutional in Haymond, Section 3583(k) was not applied to Movant's revocation. As explained above, Section 3583(k) applies to a sex offender who violates the terms of his or her supervised released by committing one of the sex offenses contained in the enumerated list. See 18 U.S.C. § 3583(k). Although Movant was convicted of failing to register as a sex offender, his supervised release violation was based on the commission of another crime (felony count of first degree strangulation and misdemeanor count of fourth degree assault, domestic violence), the use of a controlled substance, possession of a firearm, and failing to report. (Criminal Action No. 3:16-00035, Document Nos. 60 and 68.) Movant clearly did not violate the terms of his supervised release by committing a new sex offense. Furthermore, Movant was not sentenced to a mandatory minimum sentence of five (5) years imprisonment pursuant to Section 3583(k). The record reveals that the District Court imposed a 24-month term of imprisonment for Movant's violation of the terms of his supervised release. In Haymond, Justice Breyer "held that § 3583(k) is unconstitutional because the five-year mandatory minimum for enumerated violations resembles criminal punishment for a new offense without any trial rights, rather than a sanction for breach of the court's trust." Coston, 964 F.3d at 295(citing Haymond, ___ U.S. at ___, 139 S.Ct. at 2386). In the instant case, Movant was sentenced for his breach of trust regarding the

violation of the terms of his supervised release, not for underlying conduct or offenses triggering the revocation. See United States v. Reavely, 820 Fed.Appx. 211, 214 (4th Cir. 2020)(rejecting defendant's *Haymond* claim where the defendant "was sentenced for two violations of supervised release, not for possession of a controlled substance" that triggered the revocation); Mooney, 776 Fed.Appx. at 171, fn*(stating that "*Haymond* had no impact on [defendant's] run-of-the mill revocation sentence imposed under 18 U.S.C. § 3583(e)(3) (2012)."). Based upon the foregoing, the undersigned finds that the Movant was not entitled to a jury trial concerning his supervised release violation and Attorney Joy did not act ineffectively in his failure to request such. See United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); Moore v. United States, 934 F.Supp. 724, 731 (E.D.Va. 1996)(holding that "there can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument"). Accordingly, the undersigned respectfully recommends that the District Court deny Movant's Section 2255 Motion.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Supplement (Document No. 81) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the

Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: March 20, 2023.

Omar J. Aboulhosn
United States Magistrate Judge